UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

CLAUDIA QUINBY,                          :

                         Plaintiff,      :      04 Civ. 7406 (WHP)(HBP)

     -against-                           :      OPINION
                                                AND ORDER
WESTLB AG,                               :

                         Defendant.      :

----------------------------------X

          PITMAN, United States Magistrate Judge:


I.   Introduction


          Plaintiff moves to quash two subpoenas served by

defendant on Time Warner Cable of New York City ("Time Warner")

and Road Runner Corp. ("Road Runner") which seek all e-mails sent

to or received by plaintiff's personal e-mail account during the

period from October 2002 throughout July 2004, other than e-mails

between plaintiff and her current and former counsel.  For the

reasons set forth below, the motion is granted and the subpoenas

are quashed.


II.  Facts


          The complaint in this matter alleges, in principal

part, gender discrimination in violation of Title VII (Complaint

("Compl.") at ¶ 1).  Plaintiff was an Associate Director/Vice

President in the Equity Markets Group of WestLB from May 1999 to

June 2003 and again from September 2003 to April 2004 (Compl. ¶¶ 9, 44, 48, 57). Plaintiff claims, <u>inter</u> <u>alia</u>, that similarly situated male employees were consistently given higher pay than female employees, including plaintiff, and that she was ultimately terminated because of her gender (Compl. ¶¶ 1, 65, 67, 69).

The current dispute arises from two subpoenas served by defendant on Time Warner and Road Runner. By these subpoenas, defendant seeks to obtain copies of all e-mails sent to or received by plaintiff's personal e-mail account during the period from October 2002 through July 2004, other than e-mails between plaintiff and her current and former counsel. Defendant claims that the subpoenas are appropriate because discovery to date has shown that plaintiff has not produced all the e-mails she should have produced. Specifically, defendants point to the fact that Eileen McPeake, another former employee of defendant who was deposed in this action, has produced e-mails from plaintiff that plaintiff herself has not produced. Defendants also point to a November 6, 2003 internal WestLB e-mail concerning the reinstatement of document shredders that plaintiff apparently forwarded from her office computer to her home computer but did not produce. The premise underlying defendant's argument appears to be that plaintiff's failure to produce these e-mails demonstrates that plaintiff cannot be trusted to review her own e-mails

properly, and that all of plaintiff's non-privileged e-mails should, therefore, be produced, without regard to whether they relate to her claims.

Plaintiff objects to the subpoenas primarily on the ground that they are overbroad and that insufficient notice of the subpoenas was given to defendant's counsel prior to their service.

Time Warner and Road Runner, which take no position concerning the current motion, have not yet complied with the subpoenas. Both companies claim that, pursuant to the Cable Communications Policy Act of 1984, a court order is necessary to secure the production of the requested documents.

III. Analysis

Defendant's subpoenas are clearly overbroad and are quashed for that reason.

Except for the exclusion of e-mails to and from plaintiff's counsel, defendant's subpoenas seek all of plaintiff's personal e-mails over an almost two-year period without any limitation concerning subject matter. Assuming plaintiff's personal e-mail accounts are similar to those of most individual's, these subpoenas would yield a vast amount of irrelevant material, including "spam" e-mails, internet purchase orders and confirmations, personal correspondence, confirmations of medical

appointments and the whole raft of communications that are now routinely made over the internet. Although the vast majority, if not all, of this material is, no doubt, innocuous, that is not the touchstone for discovery; in order to be discoverable, the material sought must be "not privileged" and "relevant to the claim or defense of any party." Fed.R.Civ.P. 26(b)(1). Defendant's subpoenas entirely ignore the requirement that a discovery request be limited to relevant material.

Moreover, defendant's contention that broad discovery is appropriate here because plaintiff has improperly withheld e-mails does not withstand analysis.

Defendant claims that the e-mails in issue were originally requested in Items 90-93 of its First Request for Production of Documents.[1] Defendant first claims that e-mails produced

---

[1]These items seek the following documents:

> 90. Any and all documents including, but not limited to, correspondence, memoranda, notes, records or reports that relate to any claim or complaint of discrimination, or wrongful discipline and/or discharge made by Plaintiff at any time, at any employer, other than the Complaint.

> 91. Any and all documents including, but not limited to, correspondence, e-mails, memoranda, notes, records, reports, tape recordings or any other documents, which relate to any communications between Plaintiff and any current or former employee of WestLB including, but not limited to, Ms. Austin, Friedhelm Breurs, Janine Cristiano, Mr. Dodo, Phil Feurstein, Martin Graham, Terri Hess, Mr. James, Peter Jensen, Ms. McManus, Ms. McPeake, Mr. Parker and Ms. Polan, that
> (continued...)

4

by non-party Eileen McPeake show that plaintiff has improperly withheld e-mails.

I have reviewed the e-mails between plaintiff and McPeake submitted in defendant's opposition papers and conclude that they are not called for the Items 90-93 of Defendant's First Request for Production of Documents (see Ex. 4 to Darringer Aff.). The vast majority of these e-mails deal with irrelevant topics such as McPeake's infant daughter, plaintiff's efforts to install home computer technology, the technical requirements to transmit photographs by e-mail and similar irrelevant matters. The only two e-mails that come close to being requested are (1) a June 3, 2005 e-mail from plaintiff to McPeake in which plaintiff advises McPeake that a discovery ruling concerning defendant's e-mails is expected soon and (2) an e-mail from plaintiff to

---

[1](...continued)
relate to any of the allegations in the Complaint.

92. Any and all documents including, but not limited to, correspondence, e-mails, memoranda, notes, records, reports, tape recordings or any other documents, that relate to any communications between Plaintiff and any other person regarding the allegations in the Complaint.

93. Any and all documents written by Plaintiff, received by Plaintiff and/or in Plaintiff's possession, custody or control relating to any of the allegations in the Complaint.

(Defendant's First Request for Production of Documents, dated February 16, 2005, ¶¶ 90-93, annexed as Exhibit 1 to the affidavit of Dawn J. Darringer, sworn to October 28, 2005).

McPeake dated February 13 or 14, 2005 describing a February 2005 job interview plaintiff had with a company called Exane.

The former e-mail is not requested by Items 90-93. Although the e-mail relates to an event in the litigation, Items 90-93 are limited to documents concerning other complaints of discrimination by plaintiff and the allegations of the Complaint.[2]  The June 3, 2005 e-mail does not meet either limitation.

In addition, the February 2005 e-mail is not within the scope of Items 90-93.  Although the e-mail expresses plaintiff's reaction to the individual who conducted the interview and recounts the opinion of an unidentified third party concerning the interviewer, there is no suggestion in the e-mail by plaintiff that she believes the interviewer discriminated against her. In addition, the e-mail does not relate to the allegations in the Complaint; it mentions nothing about plaintiff's treatment at

---

[2]Defendant claims that it requested, among other things, "all electronic communications between Plaintiff and any current or former WestLB employee.  (See Darringer Aff. Ex. 1, Requests Nos. 90-93)" (Defendant's Memorandum of Law in Opposition to Plaintiff's Motion to Quash the Subpoenas Served on Time Warner Cable of New York City and Road Runner Corporation, dated October 28, 2005, at 1-2).  Defendant is materially mischaracterizing its own requests; Requests Nos. 90-93 do not contained any unqualified request for communications between plaintiff and any current or former WestLB employee.  As the language of the requests demonstrates, the relevant requests for communications between plaintiff and current or former WestLB employees are all qualified with the requirement that such communications relate to the allegations of the complaint.

WestLB.  Finally, although the subject matter of the e-mail may be relevant to the issue of mitigation, that does not make it responsive to defendant's document requests.  As noted above, Items 91-93 are all limited to communications concerning the allegations of plaintiff's complaint, and plaintiff's complaint contains no allegations concerning her post-termination efforts to obtain employment.  Moreover, since a failure to mitigate is an affirmative defense in an employment discrimination case, there would ordinarily be no reason for a plaintiff in such a case to address mitigation in her complaint.

Finally, in a letter dated November 14, 2005, defendant argues that plaintiff's failure to produce an internal WestLB memo that plaintiff transmitted to her personal e-mail account is further evidence that plaintiff has failed to produce all the e-mails she should have produced.  Again, defendant's argument misses the mark.  The e-mail in issue relates to WestLB's November 2003 reinstatement of its document shredding practices.  Defendant does not even make an effort to demonstrate which of its document requests call for this document.[3]  In the absence of some reason to believe that the document was properly requested, plaintiff's failure to produce the document cannot support an

---

[3]I have not independently reviewed defendant's document requests to determine if this internal WestLB document is responsive to any item.  It was counsel's task to establish that this document was improperly withheld; I am not going to do counsels' work for them.

inference of discovery-related misconduct on the part of plain-
tiff.

Finally, to the extent defendant argues that plaintiff
should be subject to broad e-mail discovery because plaintiff
sought broad e-mail discovery from defendant, defendant relies on
selected aspects of the history of this case and ignores the
prior rulings that do not support its claim.  Defendant is
correct that plaintiff sought and received broad discovery of
documents relayed by defendant's employees through Bloomberg's
messaging platforms.  Plaintiff received that broad discovery,
however, only because defendant withdrew its objection to the
discovery request.  When plaintiff sought similarly broad discov-
ery from defendant's in-house e-mail systems, defendant objected,
the matter was discussed at great length at a conference before
me on July 12, 2005 and plaintiff's e-mail discovery requests
were significantly limited.  The search terms I endorsed were a
fraction of the search terms plaintiff originally sought.
Plaintiff was never permitted to obtain over defendant's objec-
tion what defendant is seeking here -- all non-privileged e-mails
to or from identified individual on defendant's internal e-mail
system over an almost-two-year period.

Since the foregoing demonstrates that the subpoenas to
Time Warner and Road Runner are fatally flawed for substantive

reasons, I do not address plaintiff's contention that the subpoenas were served with insufficient advance notice.

IV.  Conclusion

For the foregoing reasons, plaintiff's motion for to quash the subpoenas served on Time Warner Cable of New York City and Road Runner Corporation (Docket Items 49 and 51) is granted in all respects.

Dated:  New York, New York
        January 11, 2006

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

Kathleen Peratis, Esq.
Carmelyn P. Malalis, Esq.
Outten & Golden LLP
3 Park Avenue, 29th Floor
New York, New York 10016

Joel E. Cohen, Esq.
Dawn Darringer, Esq.
McDermott Will & Emery LLP
50 Rockefeller Plaza
New York, New York 10020