UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

CLAUDIA QUINBY,                     :

             Plaintiff,             :      04 Civ. 7406 (WHP)(HBP)

      -against-                     :      AMENDED OPINION
                                           AND ORDER[1]
WESTLB AG,                          :

             Defendant.             :

------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1-4-07

             PITMAN, United States Magistrate Judge:

             On September 5, 2006, I issued an Opinion and Order in
this matter directing that a portion the cost of the production
of defendant's electronic documents be shifted to plaintiff;
familiarity with my September 5 Opinion is assumed.  Specifi-
cally, I concluded that plaintiff should bear "30% of the costs
of restoring and searching backup tapes associated with producing
[Miguel] Barron's e-mails."  Quinby v. WestLB AG, 04 Civ. 7406
(WHP)(HBP), 2006 WL 2597900 at *17 (S.D.N.Y. Sept. 5, 2006), and
directed the parties to make supplemental submissions to enable
me to quantify this amount.

             Defendant subsequently submitted an affidavit from Jean
Colehour, sworn to September 18, 2006, stating that Kroll (the
vendor retained by defendant to restore its back-up tapes)

_____

      [1]This Amended Opinion and Order corrects a typographical
error contained in the calculations set forth in the Opinion and
Order issued in this matter on January 3, 2007.

restored fourteen (14) back-up tapes in order to recover Barron's e-mails and that the total cost of restoring these back-up tapes was $9,187.50. Plaintiff submitted a letter and exhibits in response contending, for the reasons explained below, that plaintiff's appropriate share of this expense is $448.00 (Letter of Carmelyn P. Malalis, Esq., dated October 3, 2006). Defendant has not made any submission in reply.

Although plaintiff does not take issue with defendant's assertion that defendant expended $9,187.50 to restore the back-up tapes on which Barron's e-mails were stored, she notes that these tapes also contained the e-mails of other custodians whose e-mails were ordered produced and the tapes would, therefore, have had to have been restored in any event. Specifically, seven (7) of the back-up tapes contained the e-mails of seven (7) other custodians; the remaining seven (7) tapes contained the e-mails of four (4) other custodians. Accordingly, plaintiff argues that she should be responsible for only 30% of the share of the expenses allocable to restoring Barron's e-mails.

I find plaintiff's arguments convincing. Even if Barron's e-mails had not been ordered produced, the back-up tapes would have had to have been restored. It is, therefore, unfair to shift a percentage of the entire cost of restoration to plaintiff.

I calculate the amount of plaintiff's share as follows:

2

$9,187.50 ÷ 2 = $4,593.75          (cost of restoring seven (7)
                                   back-up tapes)

$4,593.75 ÷ 8 = $574.22            (share of the cost of restor-
                                   ing the seven (7) back-up
                                   tapes containing the e-mails
                                   of eight (8) custodians allo-
                                   cable to restoring Barron's e-
                                   mails)

$4,593.75 ÷ 5 = $918.75            (share of the cost of restor-
                                   ing the seven (7) back-up
                                   tapes containing the e-mails
                                   of five (5) custodians alloca-
                                   ble to restoring Barron's e-
                                   mails)

$574.22 + $918.75 = $1,492.97      (total cost allocable to re-
                                   storing Barron's e-mails)

$1,492.27 x 0.3 = $447.89          (30% of the cost of restoring
                                   Barron's e-mails, as directed
                                   in my September 5, 2006 Order)

         Accordingly, no later than ten (10) days from the date

of this Order, plaintiff is directed to remit to defendant the

sum of $447.89.

Dated:  New York, New York
        January 4, 2007

                              SO ORDERED


                              _____
                              HENRY PITMAN
                              United States Magistrate Judge


Copies mailed to:

Kathleen Peratis, Esq.
Carmelyn P. Malalis, Esq.
Outten & Golden LLP
3 Park Avenue, 29th Floor
New York, New York 10016

                              3

Dawn Groman, Esq.
Terri L. Chase, Esq.
McDermott Will & Emery LLP
340 Madison Avenue
New York, New York  10017-4613