UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
:
CLAUDIA QUINBY,
: 04 Civ. 7406 (WHP)
            Plaintiff,
: ORDER
      -against-
:
WESTLB AG,
:
            Defendant.
:
----------------------------------X

WILLIAM H. PAULEY III, District Judge:

        Defendant WestLB AG moves to preclude Plaintiff Claudia Quinby from introducing as evidence various e-mails and instant messages.[1]  For the following reasons, Defendant's motion is granted in part and denied in part.

## BACKGROUND

        Plaintiff brings employment discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; 42 U.S.C. § 1983; the New York State Human Rights Law, N.Y. Exec. Law § 290 et seq.; the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 et seq.; and § 510 of the Employee Retirement and Income Security Act of 1974, as amended, 29 U.S.C. § 1140.  Plaintiff claims that Defendant terminated

---

[1] The instant message exhibits listed by Plaintiff are duplicative, consist of pages with multiple messages from different days and contain formatting and comments not original to the messages.  At the final pre-trial conference on October 12, 2007, Plaintiff agreed to create new instant message exhibits containing only one message per page, without any formatting changes.

her employment and denied her two annual bonus payments because of her gender and because she lodged discrimination complaints against the Defendant. To prove these claims, Plaintiff seeks to introduce certain e-mails and instant messages among Plaintiff's male colleagues and between her colleagues and the firm's clients.[2] These messages include, inter alia, Plaintiff, other women in the firm, crude jokes and comments about women and minorities, and co-worker social plans.

## DISCUSSION

Fed. R. Evid. 401 defines "relevant evidence" as evidence having "any tendency to make the existence of any fact that is of consequence to the determination of the action more . . . probable than it would be without the evidence." Fed. R. Evid. 403 allows courts to exclude relevant evidence if, inter alia, "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading of the jury."

Comments "constitute evidence of discriminatory motivation when a plaintiff demonstrates that a nexus exists between the allegedly discriminatory statements and a defendant's decision to discharge the plaintiff." Silver v. North Shore Univ. Hosp., 490 F. Supp. 2d 354, 362 (S.D.N.Y. 2007). Courts must weigh the following factors when determining whether a comment evinces an intent to discriminate: (1) whether a decisionmaker made the remark; (2) whether the remark was made close in time to the employment decision(s) at issue; (3) the content of the remark; and (4) whether the remark was made in connection with the decisionmaking process. Silver, 490 F. Supp. 2d at 363 (citing Minton v. Lenox Hill Hosp., 160

---

[2] The Court notes that Defendant does not challenge the admissibility of e-mails and instant messages to or from John Parker, Plaintiff's supervisor.

2

F. Supp. 2d 687, 694 (S.D.N.Y. 2001)). Generally speaking, comments by nondecisionmakers cannot be used to establish discriminatory animus. Moreover, comments by decisionmakers that do not bear on the decisionmaking process itself, are not provative of discriminatory animus. See Minton, 160 F. Supp. 2d at 695 (citing Price Waterhouse v. Hopkins, 490 U.S. 228, 277 (1989) (O'Connor, J. concurring)). However, comments by nondecisionmakers concerning a plaintiff may be admissible to demonstrate a pervasive hostile atmosphere, Malarky v. Texaco, Inc., 983 F.2d 1204, 1210 (2d Cir. 1993) (admitting nondecisionmakers' comments about plaintiff to show "pervasive corporate hostility" toward plaintiff), and comments concerning the performance abilities of a plaintiff's "protected group" may "contribut[e] to a permissible inference of discriminatory intent." Chambers v. TRM Copy Centers Corp., 43 F.3d 29, 37 (2d Cir. 1994) (citing Ostrowski v. Atl. Mut. Ins. Cos., 968 F.2d 171, 182 (2d Cir. 1992) (company's "'Young Tiger' classification" for employees and appraisals specifically referring to "'youth' in a positive manner" is evidence of age-based discriminatory animus)); see also Josey v. John R. Hollingsworth Corp., 996 F.2d 632, 635, 641 (3d Cir. 1993) (allowing, as evidence of discriminatory atmosphere, statements by nondecisionmakers concerning the ability of African-Americans to perform their job duties); Conway v. Electro Switch Corp., 825 F.2d 593, 596-98 (1st Cir. 1987) (same with respect to women).

   Accordingly, this Court finds that the following categories of e-mails and instant messages are relevant: (1) items directly concerning Plaintiff and her performance; and (2) items concerning the ability of women to perform their job duties. Defendant's motion to exclude these e-mails and instant messages is denied.

   The following categories of e-mails and instant messages are excluded from evidence because any relevance they may have is outweighed by the dangers of unfair prejudice

3

and confusion of the issues: (1) items exchanged by nondecisionmakers which, however crude, do not relate to the ability of women to perform their job duties; (2) items reflecting purely social plans by nondecisionmakers, particularly in light of this Court's order granting Defendant's motion for summary judgment on Plaintiff's "boys' club" claim, <u>Quinby v. WestLB AG</u>, No. 04 Civ. 7406 (WHP), 2007 WL 1153994, at *11-12 (S.D.N.Y. Apr. 19, 2007); (3) items reflecting negative but non-gendered comments about women in the office; and (4) items containing inappropriate comments about race or sexual orientation, <u>Olle v. Columbia Univ.</u>, 332 F. Supp. 2d 599, 614 (S.D.N.Y. 2004).

   This Court makes these findings as to admissibility pursuant to Fed. Rs. Evid. 401 and 403 and will address questions of hearsay, authenticity and admissibility for impeachment and other purposes as they arise in the course of the trial.

## CONCLUSION

For the foregoing reasons, Defendant WestLB AG's motion to exclude certain e-mails and instant messages is granted in part and denied in part. Since the parties are reformatting the e-mails and instant messages into individual exhibits, they shall submit a joint letter to the Court by close of business on October 19, 2007 presenting any disputes concerning the status of specific e-mails or instant messages that fall within the categories addressed in this Order.

Dated: October 18, 2007
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*Counsel of record:*

Kathleen Peratis, Esq.
Outten & Golden, LLP
3 Park Avenue, 29th Floor
New York, NY 10016
*Counsel for Plaintiff*

Joel Cohen, Esq.
McDermott, Will & Emery, LLP
340 Madison Avenue
New York, NY 10017
*Counsel for Defendant*